UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SIGNATURE ENTERTAINMENT, LLC,**

      **Plaintiff,**

v.                                                                                  Case No. 6:21-cv-1499-ACC-DCI

**DANIEL SEAVEY, JONAH MARAIS ROTH FRANTZICH, CORBYN BESSON, JACK AVERY, ZACHARY DEAN HERRON, and BRANDON PHILLIPS,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Unopposed Motion to Remand filed by Defendants Daniel Seavey, Jonah Marais Roth Frantzich, Corbyn Besson, Jack Avery, and Zachary Dean Herron (collectively, "the removing Defendants") and the Stipulation for Remand to Circuit Court filed by Plaintiff Signature Entertainment, LLC and the removing Defendants. (Docs. 4, 4-1). For the reasons set forth below, the Motion will be granted.

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between

the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978).

Plaintiff originally filed this case in state court;[1] however, on September 10, 2021, the removing Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). In their Motion, the removing Defendants assert that this case was "mistakenly removed" as it "has been determined that there is not complete diversity in this matter[.]" (Doc. 4 ¶¶ 1, 4; *see* Doc. 4-1). Accordingly, the Court does not have diversity jurisdiction over this case.[2] As there is no other basis for the Court to retain jurisdiction, the Motion is due to be granted.

Based on the foregoing, it is ordered as follows:

1. The removing Defendants' Unopposed Motion to Remand (Doc. 4) is **GRANTED**.

2. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

---

[1] Case No. 2021-CA-008261-O.

[2] The Court additionally notes that it is unclear whether the removing Defendants removed this case without the required consent of Defendant Phillips. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also De Martin v. Phillips*, No. 3:17-cv-278-J-34PDB, 2017 WL 1018498, at *2 (M.D. Fla. Mar. 16, 2017).

- 3 -

3. The Clerk is **DIRECTED** to mail a certified copy of this Order remanding the action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida; and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 16, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties